IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:26-CR-112 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| LEVI STONER | : | (Chief Magistrate Judge Bloom) |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER MAY 8, 2026 DETENTION ORDER**

## I. Introduction

Levi Stoner by and through his counsel, Heidi R. Freese, Esquire, and Madelyn R. Snyder, Esquire, of Tucker Arensberg, PC, submits this brief in support of his motion to reconsider the detention order entered in this case.

## II. Procedural and Factual History

On May 19, 2026, a grand jury indicted Mr. Stoner with three counts: (1) Production/Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a); (2) Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2); and (3) Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b). (Doc. 20). Mr. Stoner pleaded not guilty on all three charges on May 22, 2026, during an initial appearance and arraignment over which the Honorable Daryl F. Bloom presided. Docs. 23, 29). A jury trial is currently scheduled to commence on July 13, 2026. (Doc. 31).

Prior to the indictment, on May 7, 2026, the Government filed a criminal complaint against Mr. Stoner containing the same three counts upon which he was later indicted. (Doc. 3). On May 8, 2026, Mr. Stoner appeared before the Honorable Daryl F. Bloom and entered a not guilty plea to the criminal complaint. At the same proceeding, the Honorable Daryl F. Bloom conducted a detention hearing and entered an Order of Detention. (Doc. 14).

## III. Argument

### A. Reconsideration of the May 8, 2026 Detention Order is Warranted.

Section 3145 of 18 U.S.C. provides that "[i]f a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense…, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. §3145(b). *De novo* review by this Court is appropriate. *See e.g., United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). *See also, United States v. Thompson*, No. 4:16-CR-00019-19, 2018 U.S. Dist. LEXIS 7197, *3 (M.D. Pa. Jan. 17, 2018) (Brann, J).

Consistent with this standard of review, the provisions of 18 U.S.C. §3142 of the Bail Reform Act of 1984 must be assessed. This section "authorizes judicial officers to grant persons charged with federal offenses release on bail unless it is determined that 'such release will not reasonably assure the appearance of the person

as required or will endanger the safety of any other person or the community.'" *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (quoting 18 U.S.C. §3142(b)). This section also provides a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" where the judicial officer finds that "there is probable cause to believe that the person committed" certain enumerated offenses, including "an offense involving a minor victim under section[s]" 2251, 2252A, and 2422 of Title 18 of the United States Code. 18 U.S.C. § 3142(e)(3)(E). Because Mr. Stoner was indicted for violations of the above listed statutes which fall within the scope of § 3142(e)(3)(E), a rebuttable presumption is triggered.

But when the § 3142(e)(3) presumption applies, the presumption may be rebutted by the defendant by:

> producing "some credible evidence that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light and has been construed as easy to meet. *United States v. Dominguez*, 783 F.2d 702, 707 (9th Cir. 1986) (recognizing difficulties faced by defendants). If the defendant rebuts the presumption, the burden of persuasion remains with the government. *United States v. Alatishe*, 247 U.S. App. D.C. 247, 768 F.2d 364, 371 (D.C. Cir. 1985). The government must prove that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence. *Delker*, 757 F.2d at 1399 (citing 18 U.S.C. § 3142(f)). The government must prove that the defendant poses a risk of flight by a preponderance of the evidence. *United States v. Pores*, 786 F.2d 758, 765 (7th Cir. 1985).

*United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

Here, Mr. Stoner's initial detention hearing took place on May 8, 2026. Although undersigned counsel did not represent Mr. Stoner at his initial detention hearing, she has received the official transcription thereof. Application of the law to Mr. Stoner's case supports the conclusion that there are conditions which, combined, will reasonably assure Mr. Stoner's appearance as required and the safety of the community.

Mr. Stoner is permitted to move to reopen the detention hearing "at any time before trial if the judicial officer finds that information exists [(1)] that was not known to the movant at the time of the hearing and [(2)] that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person in the community." 18 U.S.C. § 3142(f)(2)(B). Mr. Stoner, with new counsel, now asks this Court to reconsider the May 8, 2026 Detention Order based upon new evidence—that is, the presentation of an additional suitable third-party custodian to serve in tandem with the previously presented third-party custodian and additional evidence relating to Mr. Stoner's mental health, proposed living situation, and access to the internet.

If a court believes that release of a defendant on personal recognizance or unsecured appearance bond "will not reasonably assure the appearance of the person

as required or will endanger the safety of . . . the community," the Bail Reform Act requires that the court "*shall order* the pretrial release of the person…subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B) (emphasis added).

The Bail Reform Act requires that a court must "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur,* 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, *as reprinted in* 1984 U.S.C.CA.N. 3182, 3189); *see also United States v. Salerno,* 481 U.S. 739, 755 (1987) (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial). A single individual unnecessarily detained before trial is one individual too many, and the increasing use of the practice places tremendous wear on our constitutional system. *United States v. Montalvo-Murillo,* 495 U.S. 711, 723–24 (1990) (Stevens, J., dissenting, joined by Brennan and Marshall, JJ.).

**B. Mr. Stoner should be released because a combination of conditions exist which will reasonably assure his appearance and the safety of the community.**

At Mr. Stoner's May 8, 2026 Detention Hearing, the Court was understandably concerned about a defendant returning to an environment which is

substantially similar to the one where the instant offenses were allegedly carried out. *See id.* Now, however, the environment has changed. At the time of the alleged offense, Mr. Stoner resided in the family home's finished basement. But Mr. Stoner's mother, Ashley Stoner, has now prepared a bedroom for Mr. Stoner on the second floor of their home, next to her own bedroom.

The Court also expressed concern surrounding the safety of the community based on the natural limitations of a third-party custodian without other supports. Mr. Stoner now intends to present both his mother, Ashley Stoner, *and* his father, Matthew Stoner, as co-third-party custodians. Mr. Stoner's mother, Ashley Stoner, moved back to Boiling Springs, Pennsylvania in November 2025, to live with her husband and two of her three sons (the third adult son remaining in Florida where the family previously resided when Mr. Stoner's father's job was based there). As previously discussed, she does not plan on seeking employment in Pennsylvania until after the resolution of her son's instant charges. If the Court grants Mr. Stoner's release, Ashley and Matthew Stoner will jointly serve as third-party custodians to ensure that Mr. Stoner has the appropriate level of supervision and support. This support will be invaluable as Mr. Stoner seeks mental health and substance abuse evaluations (and subsequent treatment).

Regarding Mr. Stoner's mental health, there was testimony and argument at the initial detention hearing regarding an incident in early 2024 in which Mr. Stoner

was threatening suicide and Ashley Stoner called the police who had him involuntarily committed to a hospital for psychiatric evaluation. *See id.* The Government informed the Court that Mr. Stoner was threatening suicide by cop during this incident, but at that time neither the Government nor Mr. Stoner had the police records from the incident. In reality, and consistent with Ashley Stoner's and Mr. Stoner's own recollection of the incident, the police record reflects that Mr. Stoner threatened suicide—not suicide by cop. This is also consistent with Mr. Stoner's compliant behavior upon his arrest for the instant offense.

Another critical alteration in Mr. Stoner's environment will be his access to the internet. Under the conditions that Mr. Stoner and his parents propose for his release, Mr. Stoner would have access to only one device with internet and that device would be monitored. All other devices in the home would not be accessible to Mr. Stoner.

These critical changes in environment and supervision will provide for the safety of the community and assure Mr. Stoner's appearance as required. As alleged in the indictment, Mr. Stoner's charged conduct concluded in December 2025. After that time period and immediately prior to his arrest (beginning in approximately January 2026 after his twentieth birthday), Mr. Stoner began to make positive changes in his life—getting a job, going to medical appointments for his Crohn's and other conditions, and beginning to explore his spirituality. Mr. Stoner lived

safely in the community until his arrest in May. In fact, he was taken into custody in the parking lot of his workplace when reporting for a scheduled shift. With the proper conditions of release—including requiring that he seek and maintain employment, a mental health evaluation and treatment, a substance abuse evaluation and treatment, computer monitoring, and home detention - Mr. Stoner can continue to do so.

## IV. Conclusion

Mr. Stoner respectfully requests that this Honorable Court schedule a hearing or refer this matter to the Honorable Daryl F. Bloom, so that he may present testimony of an additional third-party custodian and additional evidence to support his Motion for reconsideration of Detention.

Respectfully submitted,

TUCKER ARENSBERG, P.C.

Date: June 2, 2026

*/s/Heidi R. Freese*

Heidi R. Freese, Esq. I.D. # 87668
Madelyn R. Snyder, Esq. I.D. # 332198
300 Corporate Center Drive, Ste. 200
Camp Hill, PA 17011
hfreese@tuckerlaw.com
msnyder@tuckerlaw.com
(717) 234-4121
*Attorney for Defendant, Levi Stoner*

**CERTIFICATE OF SERVICE**

AND NOW, this 2nd day of June 2026, I hereby certify that I have served the foregoing Brief in Support of Defendant's Motion to Reconsider May 8, 2026 Detention Order on the following via electronic delivery:

Assistant United States Attorney Christian T. Haugsby
U.S. Attorney's Office
1501 North 6th Street
Box 202
Harrisburg, PA 17102

TUCKER ARENSBERG, P.C.

*/s/Heidi R. Freese*

Heidi R. Freese, Esquire
PA I.D. No. 87668
Madelyn R. Snyder, Esquire
PA I.D. No. 332198
300 Corporate Center Drive
Suite 200
Camp Hill, PA 17011
717-221-7967
hfreese@tuckerlaw.com
msnyder@tuckerlaw.com