# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **1:26-CR-112** |
| | : | **(JUDGE MARIANI)** |
| **LEVI STONER,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW, THIS 5TH DAY OF AUGUST, 2026,** the deadline for the filing of pre-trial motions having passed (Doc. 36) and no pre-trial motions having been filed, **IT IS HEREBY ORDERED THAT:**

1. Jury selection and trial shall commence on **Monday, October 26, 2026,** at **9:30 a.m.** in the Sylvia H. Rambo U.S. Courthouse, Harrisburg, Pa., in a courtroom to be designated by the Clerk of Court.

2. The final Pretrial Conference in this matter will be held on **Wednesday, October 21, 2026,** at **12:00 p.m.** by videoconference. The undersigned's Courtroom Deputy will provide the Zoom information the week prior to the videoconference.[1] The purpose of the pretrial conference is to address issues pertaining to jury selection, evidentiary and substantive issues reasonably likely to arise during the

[1] Should the parties prefer an in-person pretrial conference, they shall notify the Court by filing a joint letter of record. The videoconference will thereafter be converted to an in-person conference to be held in the William J. Nealon Federal Courthouse, Scranton, Pa.

course of trial, scheduling of witnesses, and other matters relating to the conduct of the trial. A Court Reporter shall be present for the pretrial conference.

3. The following procedure shall be followed with respect to motions *in limine*:

   a. Motions *in limine* <u>with supporting briefs</u> shall be filed no later than **30 days** prior to trial. No party, without leave of Court for good cause shown, shall file more than five (5) motions *in limine*, including subparts. If a party chooses to file one or more motions *in limine*, each motion shall be narrowly tailored, address a single evidentiary issue, and be filed separately. No omnibus motions will be considered by the Court. Each motion shall include citations to case law specifically supporting the moving party's position and the failure to do so will consist of a separate basis for denial of the motion.

   b. All briefs in opposition/response to the movant's motion(s) *in limine* shall be filed no later than **12 days** following service of the moving party's motion(s) and supporting brief(s).

   c. Any Reply briefs shall be filed no later than **4 days** following service of the non-moving party's brief(s).

4. Counsel for the Government and the Defendant shall electronically file the following materials via CM/ECF no later than **three (3) business days** prior to the final Pretrial Conference:

    a. Trial briefs;

    b. Proposed voir dire questions;

    c. A proposed verdict form; and

    d. Proposed points for charge.

5. Before filing the proposed verdict form and proposed points for charge required by the preceding paragraph, the parties shall follow the following procedure:

    a. No later than **fourteen (14) days** before trial, counsel shall meet and prepare a joint statement of the law that they agree is applicable to the matters at trial, in the form of instructions to the jury. Counsel shall likewise prepare a proposed verdict form that incorporates their proposed jury instructions in a manner that facilitates the jury's determinations of all relevant issues of fact consistent with the proposed instructions.

    b. In all cases, parties shall follow the Model Criminal Jury Instructions for District Courts of the Third Circuit. In cases where the Third Circuit has not promulgated instructions, the parties may base their instructions upon the most recent edition of (1) LEONARD SAND, JOHN SIFFERT, WALTER LOUGHLIN, STEVEN REISS & NANCY BATTERMAN, MODERN FEDERAL JURY INSTRUCTIONS,

(2) KEVIN O'MALLEY, JAY GRENIG & WILLIAM LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS, and/or (3) jury instructions for the Commonwealth of Pennsylvania, in such areas where Pennsylvania law applies.

c. Only when the publications listed above do not provide sufficient guidance to the law at issue may the instructions of other Circuit Courts and/or relevant case law be used.

6. Unless otherwise ordered by the Court, the following trial schedule will be maintained: Each morning session will commence at 9:30 a.m. and end at 12:30 p.m. Each afternoon session will commence at 1:30 p.m. and end at 5:30 p.m.

7. If a plea agreement or plea has been agreed upon by counsel and the defendant after 5:00 p.m. on the last business day or on the weekend preceding the commencement of trial, counsel should notify the Courtroom Deputy, Christine Cotter, at Christine_Cotter@pamd.uscourts.gov, and thereafter file a letter with the Court on CM-ECF.

8. Any request to have the jury polled must be made before the Court enters judgment and excuses the jury.

9. Although the Court is cognizant of the Defendant's right to a speedy trial pursuant to the Sixth Amendment of the U.S. Constitution and 18 U.S.C. § 3161, because the Court finds that the ends of justice will be served by delaying trial in order to ensure counsel for the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and that such a delay outweighs the best interests of the public and the Defendant in a speedy trial, the time between the date of this Order and the commencement of trial is excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7).

Robert D. Mariani
United States District Judge