**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **1:26-CR-112** |
| | : | **(JUDGE MARIANI)** |
| **LEVI STONER,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

The background of this Order is as follows:

Defendant Stoner was charged by criminal complaint for child-exploitation offenses on May 7, 2026 (Doc. 3) and was arrested the following day wherein he had an initial appearance before Chief Magistrate Judge Bloom and was ordered detained. On May 19, 2026, a federal grand jury issued a three-count Indictment against Defendant Stoner, charging him with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), and Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). (Doc. 20). Defendant Stoner was arraigned on the Indictment and pleaded not guilty on May 22, 2026. This Court thereafter issued a scheduling order directing all pre-trial motions to be filed by June 5, 2026. (Doc. 31). At the request of the Defendant, the Court extended the time to file pre-trial motions to August 4, 2026. (*See* Docs. 32, 36).

On August 5, 2026, to preserve Defendant's rights under the Speedy Trial Act and Sixth Amendment, the Court issued an order noting that "the deadline for the filing of pre-

trial motions [had] passed (Doc. 36) and no pre-trial motions [had] been filed" and therefore scheduling trial to commence on October 26, 2026, with motions *in limine* to be filed no later than 30 days prior to trial. (Doc. 41).

Presently before the Court is Defendant's "Motion to Continue Pretrial Motions Deadlines and Jury Selection and Trial" (Doc. 42). Defendant therein requests an extension of time to file pre-trial motions and a continuation of the trial date. Defendant fails to note that the deadline to file pre-trial motions expired seven weeks ago and does not provide any explanation for the exceedingly belated filing. Instead, Defendant disingenuously asserts that the deadline to file pre-trial motions is September 25, 2026 (*see* Doc. 42, ¶ 3), in direct contradiction to this Court's August 5th Order clearly noting that the deadline expired the previous day. The Court will therefore deny Defendant's request to extend the time to file pre-trial motions. Nonetheless, in light of Defendant's assertion that the "Government is in the process of preparing and disclosing discovery" (Doc. 42, ¶ 3), and the Government's concurrence in the defendant's motion and apparent concession that it has, in fact, not turned over all requisite discovery despite having had over four months to do so, the Court finds that denying the defendant's motion to continue the trial would not be in the interests of justice.

**ACCORDINGLY, THIS** 23rd **DAY OF SEPTEMBER, 2026,** upon consideration of Defendant's "Motion to Continue Pretrial Motions Deadlines and Jury Selection and Trial" (Doc. 42), **IT IS HEREBY ORDERED THAT** Defendant's Motion (Doc. 42) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's request to extend the deadline for filing pre-trial motions is **DENIED**.
2. Defendant's request to continue jury selection and trial for no less than 60 days is **GRANTED**.
3. Jury selection and trial, scheduled to commence on October 26, 2026, are **RESCHEDULED** and shall commence **Monday, January 25, 2027,** at **9:30 a.m.** in the Sylvia H. Rambo U.S. Courthouse, Harrisburg, Pa., in a courtroom to be designated by the Clerk of Court.
4. The final Pretrial Conference in this matter will be held on **Wednesday, January 20, 2027,** at **12:00 p.m.** by videoconference. The undersigned's Courtroom Deputy will provide the Zoom information the week prior to the videoconference.[1] The purpose of the pretrial conference is to address issues pertaining to jury selection, evidentiary and substantive issues reasonably likely to arise during the course of trial, scheduling of witnesses, and other matters relating to the conduct of the trial. A Court Reporter shall be present for the pretrial conference.

---

[1] Should the parties prefer an in-person pretrial conference, they shall notify the Court by filing a joint letter of record. The videoconference will thereafter be converted to an in-person conference to be held in the William J. Nealon Federal Courthouse, Scranton, Pa.

5. The following procedure shall be followed with respect to motions *in limine*:

   a. Motions *in limine* with supporting briefs shall be filed no later than **December 23, 2026**. No party, without leave of Court for good cause shown, shall file more than five (5) motions *in limine*, including subparts. If a party chooses to file one or more motions *in limine*, each motion shall be narrowly tailored, address a single evidentiary issue, and be filed separately. No omnibus motions will be considered by the Court. Each motion shall include citations to case law specifically supporting the moving party's position and the failure to do so will consist of a separate basis for denial of the motion.

   b. All briefs in opposition/response to the movant's motion(s) *in limine* shall be filed no later than **14 days** following service of the moving party's motion(s) and supporting brief(s).

   c. Any Reply briefs shall be filed no later than **4 days** following service of the non-moving party's brief(s).

6. Counsel for the Government and the Defendant shall electronically file the following materials via CM/ECF no later than **three (3) business days** prior to the final Pretrial Conference:

   a. Trial briefs;

   b. Proposed voir dire questions;

   c. A proposed verdict form; and

   d. Proposed points for charge.

7. Before filing the proposed verdict form and proposed points for charge required by the preceding paragraph, the parties shall follow the following procedure:

   a. No later than **fourteen (14) days** before trial, counsel shall meet and prepare a joint statement of the law that they agree is applicable to the matters at trial, in the form of instructions to the jury. Counsel shall likewise prepare a proposed verdict form that incorporates their proposed jury instructions in a manner that facilitates the jury's determinations of all relevant issues of fact consistent with the proposed instructions.

   b. In all cases, parties shall follow the Model Criminal Jury Instructions for District Courts of the Third Circuit. In cases where the Third Circuit has not promulgated instructions, the parties may base their instructions upon the most recent edition of (1) LEONARD SAND, JOHN SIFFERT, WALTER LOUGHLIN, STEVEN REISS & NANCY BATTERMAN, MODERN FEDERAL JURY INSTRUCTIONS,

(2) KEVIN O'MALLEY, JAY GRENIG & WILLIAM LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS, and/or (3) jury instructions for the Commonwealth of Pennsylvania, in such areas where Pennsylvania law applies.

c. Only when the publications listed above do not provide sufficient guidance to the law at issue may the instructions of other Circuit Courts and/or relevant case law be used.

8. Unless otherwise ordered by the Court, the following trial schedule will be maintained: Each morning session will commence at 9:30 a.m. and end at 12:30 p.m. Each afternoon session will commence at 1:30 p.m. and end at 5:30 p.m.

9. If a plea agreement or plea has been agreed upon by counsel and the defendant after 5:00 p.m. on the last business day or on the weekend preceding the commencement of trial, counsel should notify the Courtroom Deputy, Christine Cotter, at Christine_Cotter@pamd.uscourts.gov, and thereafter file a letter with the Court on CM-ECF.

10. Any request to have the jury polled must be made before the Court enters judgment and excuses the jury.

11. Because the Court finds that, for the reasons set forth in Defendant's motion (Doc. 42), the ends of justice will be served by continuing trial and that such a continuation outweighs the best interests of the public and the Defendant in a speedy trial, any delay occasioned by the continuance of this trial shall be excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7).

Robert D. Mariani
United States District Judge